**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN NUCKOLS, *pro se*,

        Plaintiff,

v.

GRACE CENTERS OF HOPE,

        Defendant.

_____/

Case No. 07-13735

District Judge
Arthur J. Tarnow

Magistrate Judge
R. Steven Whalen

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DE 2], GRANTING IN
PART DEFENDANT'S MOTION FOR SANCTIONS
[DE 3], AND DISMISSING CASE**

Before the Court are two motions filed by Defendant, a Motion to Dismiss [DE 2] and a

Motion for Sanctions [DE 3]. For the following reasons, the Motion to Dismiss is GRANTED, and

the Motion for Sanctions is GRANTED IN PART.

**Defendant's Motion to Dismiss**

Defendant filed its Motion on September 25, 2007. Defendant's grounds for dismissal are

*res judicata*, because the same claims were adjudicated in state court; Plaintiff's inability under the

facts to demonstrate a *prima facie* case that his rights were violated under Title II of the Civil Rights

Act; and Plaintiff's signing a release barring any claims against Defendant.

Plaintiff filed a response on December 4, after an Order directing a response was filed by the

Court. Plaintiff expressly chose not to address Defendant's grounds for dismissal, alleging a

conspiracy by the judges of the United States District Court, Eastern District of Michigan.

"In acting upon a motion to dismiss, a district court must accept as true the plaintiff's

well-pleaded facts and draw all reasonable inferences in favor of the complaint." *Sanderson v.

HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006) (citing *Yuhasz v. Brush Wellman*, Inc.,

341 F.3d 559, 563 (6th Cir.2003)).  A complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief on his claim.  *Id.*

Here, even accepting all Plaintiff's facts as true, he has not stated a claim upon which relief may be granted.  Plaintiff asserts that he stayed for two 30-day periods in Defendant's shelter. While there, he was obligated by its rules to attend daily chapel services, and twice-weekly church services.  Plaintiff claims those rules violated Title II's prohibition on discrimination in public accommodations, 42 U.S.C. § 2000a, *et seq.*; analogous provisions in Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. § 37.2302; and 42 U.S.C. § 1983.

First, Plaintiff's § 1983 claim must be dismissed, because Plaintiff has asserted no facts that would permit the necessary finding that Defendant was a state actor.  Second, Plaintiff's claims are barred by *res judicata*, because a prior Complaint, with identical factual allegations, was previously brought in state court.  *See Nuckols v. Grace Centers of Hope*, No. 07-082724-CZ (Oakland County Cir. Ct. 2007).

"*Res judicata* bars a subsequent action between the same parties when the essential facts or evidence are identical." *Eaton County Road Comm'rs v. Schultz*, 205 Mich.App. 371, 375–76, 521 N.W.2d 847, 850 (1994).  The doctrine bars both claims that were actually litigated as well as those arising from the same facts that could have been raised in the prior action, but were not. *Schwartz v. City of Flint*, 187 Mich.App. 191, 194, 466 N.W.2d 357, 359 (1991).  To find *res judicata* applicable,

> (1) the first action [must] be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies.

*Eaton County Road Comm'rs*, 205 Mich. App. at 376.

Plaintiff's state court suit against Defendant was dismissed based on Defendant's Motion for Summary Disposition.  *Nuckols v. Grace Centers of Hope*, No. 07-082724-CZ, Opinion & Order

(Oakland County Cir. Ct. Aug. 8, 2007). This was a disposition on the merits. *See Roberts v. City of Troy*, 170 Mich.App 567, 577 429 N.W. 2d 206 (1988). The second and third criteria were also met in the state court action, because the matters contested and resolved were the same as this action, as were the parties. Accordingly, this suit is barred by *res judicata*, and Plaintiff has stated no claim upon which relief may be granted.

Even if *res judicata* did not apply, Plaintiff's alleged facts do not present a violation of ELCRA or Title II of the Civil Rights Act. The rules to evaluate such violations are the same. *See Karoumi v. TJ Maxx*, 408 F.Supp.2d 454, 461 (E.D.Mich. 2005).

To state a claim under the public accommodations provision of ELCRA, a plaintiff must show

> (1) discrimination based on a protected characteristic (2) by a person, (3) resulting in the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations (4) of a place of public accommodation.

*Haynes v. Neshewat*, 477 Mich. 29, 35, 729 N.W.2d 488, 492 (2007). Plaintiff has failed to demonstrate those elements.

First, he has failed to establish that he belonged to a protected class or that he enjoys a protected characteristic. His facts demonstrate no discriminatory acts by Defendant: all who stayed at the shelter were required to attend chapel and church services. Finally, Plaintiff was not denied "full and equal enjoyment" of Defendant's shelter. Indeed, Plaintiff admits he stayed at the shelter for two thirty-day periods, the maximum permitted under Defendant's policies, in June-July 2006 and March-April 2007.

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted. Defendant's motion to dismiss is therefore granted.

**Defendant's Motion for Sanctions**

3

Defendant filed its Motion for Sanctions under Fed. R. Civ. P. 11 on October[ 26, 2007. Plaintiff did not respond. In its Motion, Defendant argues that Plaintiff's suit violated Rule 11 by his failure to make an objective inquiry into the reasonableness of his Complaint, and by filing the suit for an improper purpose of harassment or increasing litigation costs.

Defendant requests both attorney costs and fees, and an injunction against the filing of future suits against it without leave of the Court. For the reasons which follow, the Court GRANTS Defendant's motion in part, as to the injunction against future filing in the Eastern District of Michigan without leave of the Presiding Judge.

"*Pro se* litigants must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Stevens v. Mooney*, 1996 WL 125048, *1 (6th Cir. 1996). Fed. R. Civ. P. 11 further requires that the filer of a pleading or motion, whether attorney or *pro se* litigant, to certify that it is not brought for an improper purpose, such as harassment, delay, or to increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).

The purpose of Rule 11 sanctions is to deter a litigant from repeating conduct found to violate the Rule. *Danvers v. Danvers*, 959 F.2d 601, 605 (6th Cir. 1992). Specifically, "[t]he district court must impose sanctions where a plaintiff's filing of an action is not objectively reasonable." *Woolum v. Seabold*, 1990 WL 67887, *1 (6th Cir. 1990) (citing *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989)).

*Woolum* observed that sanctions were appropriate when *pro se* litigants "rais[e] identical issues to those . . . raised in a prior lawsuit and which the trial court had previously resolved against [them]." *Id*. (citations omitted). Those are exactly the circumstances here.

In fact, Plaintiff Brian Nuckols has filed thirteen lawsuits in the Eastern District of Michigan in the past eight months. In addition, fourteen cases have been filed since October 2006 in Oakland County Circuit Court.

At least five state court cases have been duplicatively filed in federal court against the same parties, often before final resolution in the state court matter. Also in both forums, a number of these cases have been filed against courts and judges,[1] following an adverse ruling.

District courts are obligated to protect themselves from vexatious litigants. *In re MacDonald,* 489 U.S. 180, 184 n.8 (1989) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). If vexatious litigation is allowed to continue, the resources of the Court are unfairly directed away from claims that merit its attention. When necessary, injunctive force has been used to restrain vexatious litigants from continuing to wreak havoc on the legal system. *See*, *e.g.*, *Filipas v. Lemans*, 835 F.2d 1145 (6th Cir. 1987); *In re Martin-Trigona*, 737 F.2d at 1261.

This Court has used this method in the past. *See*, *e.g.*, *Marbly v. Kay*, Case No. 00-71520, slip op. at 1-2 (E.D. Mich. Apr. 25, 2000) (Tarnow, J.) affirmed in Case No. 00-1530, 2000 WL 1827783 (6th Cir. Dec. 8, 2000); see also *Kersh v. Borden Chemical*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (Cook, C.J.). Injunctive force, if used, should be narrowly tailored to dissuade vexatious litigation, but not to completely foreclose a Plaintiff's ability to obtain relief for a legally cognizable injury. *Kersh*, 689 F. Supp. at 1450 (citing *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). This Court has previously adopted a five factor test to determine if enjoining an individual's access to the courts is proper:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused

---

[1] *See Nuckols v. Sixth Judicial Circuit Court of Oakland County*, No. 07-14225 (E.D.Mich. 2007); *Nuckols v. United States District Court Eastern District of Michigan*, No. 07-14001 (E.D.Mich. 2007); *Nuckols v. Michigan Supreme Court*, No. 07-13636 (E.D.Mich. 2007); *Nuckols v. Cleland*, No. 06-13200 (E.D.Mich. 2007). *See also Nuckols v. Forty-seventh District Court*, No. 2007-086143-CZ (Oakland County Cir. Ct. 2007); *Nuckols v. Sixth Judicial Circuit Court of Oakland County*, No. 2007-084697-CZ (Oakland County Cir. Ct. 2007); *Nuckols v. Forty-fourth District Court*, No. 2007-084318-CZ (Oakland County Cir. Ct. 2007).

needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Kersh*, 689 F. Supp. at 1450 (citing *Safir,  v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. *Id.*

Mr. Nuckols has filed the same actions in both state and federal court.  In addition, when a court rules against him, he sues that court and on at least one occasion, the judge himself.  He has also sought to disqualify other judges for frivolous reasons, such as a two-month delay in issuing a decision.  Such suits and motions have no objective good faith of prevailing.

Mr. Nuckols is not represented by counsel.  He has caused needless expense and posed unnecessary burdens upon this Court, by filing duplicative and meritless complaints.  Because Mr. Nuckols' response to an adverse ruling is to file a suit against its source, no other sanction would serve to protect this Court and other parties.  His recent history makes clear that he is likely to continue his abuse of the judicial process.

Therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Sanctions [DE 3] is GRANTED IN PART.

IT IS FURTHER ORDERED that Brian Nuckols is PRECLUDED AND RESTRAINED from filing any new action in the Eastern District of Michigan without obtaining leave of the Court. Such leave shall be sought from the Presiding Judge of this Court. Any complaint filed with this Court without the leave of the Presiding Judge shall be stricken from the docket.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss [DE 2]

 is GRANTED

S/ARTHUR J. TARNOW
Arthur J. Tarnow

United States District Judge

Dated: December 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 14, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager

.